## McCoy v. Hock.

**Contract : FOR WINTERING CATTLE.** Under a contract for wintering cattle, which expresses the sum the agister is to receive therefor, and provides that the amount so stipulated shall be paid " before moving the cattle " from the premises, the agister is entitled to retain possession of the cattle until payment to him of the sum stipulated for their keeping.

*Appeal from Fremont District Court.*

FRIDAY, OCTOBER 24.

REPLEVIN for a herd of cattle. The answer sets out as a defense the facts that, under a contract with plaintiff's assignor, the defendant wintered the cattle, and that he holds a lien thereon until payment of his charges be made. Trial to the court without a jury. Judgment for plaintiff. Defendant appeals.

*Mitchell & Lehmon* for the appellant.

*Robert Percival, Stow & Dalby* for the appellee.

BECK, Ch. J. — The contract under which the cattle were wintered by defendant is in writing. After certain covenants it closes by expressing the sum defendant is to receive, and provides that the amount shall be paid " before moving the cattle " from defendant's farm. The court below upon the trial held that " the contract did not give the defendant a lien on the cattle * * * * * * and that plaintiff had the right to maintain this action to get possession of the cattle without

paying defendant for feeding and wintering them according to the contract," and thereupon decided in favor of plaintiff.

The only question in the case relates to the correctness of this ruling of the district court.

We are of the opinion that by the express terms of the contract, plaintiff was not entitled to the possession of the cattle until payment was made to defendant according to its terms. The cattle were under the contract, delivered into the possession of the defendant, and were to be kept by him upon his farm. Under this contract he holds the possession of the property rightfully. Before the plaintiff, under this contract, could "move" the cattle, payment was to be made defendant. His right of possession could be terminated only by payment. It matters not what we call this right; whether a lien, or simply a right of possession, it existed under the contract until payment. Plaintiff could have no right of possession under the contract until he performed its terms. As he had not made payment he could not maintain his action for the cattle. But as an agister of cattle may have a lien thereon under special contract, we do not see any reason why defendant's right to hold the cattle may not be in the nature of a lien. At all events he did, under the contract, have a right to the possession of the cattle, and this defeats plaintiff's right of action.

The construction given the clause of the contract in question by plaintiff's counsel is clearly inadmissible. They gave it no other force than that it fixes the time of payment by plaintiff of the amount due on the contract. It has a different effect. The contract prescribes the time defendant is to keep the cattle. Payment would be due without further stipulation at the expiration of that time. But the claim in question is evidently intended to limit plaintiff's right to the possession of the cattle until he shall have made the payment stipulated for in the contract. That such was the intention of the parties we are justified in holding, upon this plain language used in the contract.

Reversed.